# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3847

_____

Passions Video, Inc., a Missouri          *
corporation; Gala Entertainment           *
of KC, Inc., a Missouri corporation,      *
                                          *
          Appellants,                     *
                                          *  Appeals From the United States
     v.                                   *  District Court for the
                                          *  Western District of Missouri.
Jay Nixon, Attorney General of the        *
State of Missouri, in his official        *
capacity,                                 *
                                          *
          Appellee.                       *

_____

No. 05-4053

_____

Steele Retail 37, doing business          *
as Lion's Den, LLC,                       *
                                          *
          Appellant,                      *
                                          *
     v.                                   *
                                          *
Jay Nixon, Attorney General of the        *
State of Missouri, in his official        *
capacity,                                 *
                                          *
          Appellee,                       *
--------------------                      *

American Civil Liberties Union of     *
Kansas and Western Missouri,        *
                                            *
  Amicus on Behalf of Appellant.     *

Submitted:  June 14, 2006
Filed:  August 21, 2006

Before SMITH, HEANEY, and GRUENDER, Circuit Judges.

HEANEY, Circuit Judge.

In this case we consider two consolidated appeals challenging the constitutionality of a Missouri criminal statute that regulates advertising by Missouri businesses that offer sexually explicit entertainment and materials. The district court found the statute to be a constitutional regulation of commercial speech. We reverse.

## BACKGROUND

Missouri statute section 226.531 restricts on- and off-premises advertising within one mile of a state highway, by any business classified as "adult cabaret" or "sexually oriented business" (affected business). Mo. Rev. Stat. § 226.531. The statute includes an exception that allows affected businesses located within a mile of state highways to display two exterior, on-premises signs, but restricts the content of these signs. Business owners who violate the statute are subject to criminal prosecution. § 226.531.4.

The material facts in these appeals are not in dispute. All appellants are located within one mile of a state highway. The appellants have all erected, or intend to erect,

on- and off-premises signs and billboards that violate the location, size, and content restrictions of section 226.531.

Passions Video qualifies as a sexually oriented business because it devotes more than ten percent of its interior display space to non-obscene, sexually oriented materials. See § 226.531.1(3) (defining "sexually oriented business"). Gala Entertainment of KC, Inc.[1] was a nightclub classified as an adult cabaret. See § 226.531.1(1) (defining "adult cabaret"). In August 2004, Passions Video and Gala Entertainment jointly filed suit against the state,[2] in the United States District Court for the Western District of Missouri, challenging the constitutionality of section 226.531. In its prayer for relief, Passions Video sought preliminary and permanent injunctions enjoining enforcement of section 226.531, a declaration that section 226.531 was unconstitutional, and fees and costs. On February 18, 2005, the district court issued an amended order denying Passions Video's Motion for Temporary Restraining Order and Preliminary Injunction. Passions Video and the state subsequently filed cross-motions for summary judgment. On August 2, 2005, the district court denied Passions Video's motion for summary judgment, and granted summary judgment on behalf of the state. Passions Video now appeals the district court's August 2, 2005 order.

Steele Retail 37, L.L.C. (Steele Retail), operates a gas station and convenience store that receives the majority of its income from gas and other traditional convenience store items, but devotes more than ten percent of its interior display space to non-obscene, sexually oriented materials. Thus, it too qualifies as a sexually

---

[1]Gala Entertainment and Passions Video jointly filed the suit below. Gala has apparently closed since the commencement of the suit. Subsequent references to the Passions Video suit include by reference the Gala Entertainment suit.

[2]Appellee is the named defendant in his official role as Missouri State Attorney General.

oriented business.  See § 226.531.1(3).  On August 10, 2005, Steele Retail filed suit in the United States District Court for the Western District of Missouri, seeking a declaration that section 226.531 violated the United States Constitution and seeking preliminary and permanent injunctions enjoining its enforcement.  The Steele Retail suit was assigned to the same district court judge that presided over the Passions Video suit.  The district court denied Steele Retail's motion for preliminary and permanent injunctions, relying primarily on its reasoning regarding the constitutionality of section 226.531 in its August 2005 order granting summary judgment against Passions Video.  The district court additionally interpreted the scope of section 226.531, finding that it prohibited advertising only for sexually oriented materials.  Steele Retail filed this appeal which was subsequently consolidated with Passions Video's earlier appeal.

## ANALYSIS

"We review the district court's grant of summary judgment de novo, using the same standard under Federal Rule of Civil Procedure 56(c) as applied by the district court."  Excalibur Group, Inc. v. City of Minneapolis, 116 F.3d 1216, 1219 (8th Cir. 1997).  A party is entitled to summary judgment "when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'"  Id. (quoting Fed. R. Civ. P. 56(c)).  We review the denial of a motion for a preliminary injunction for abuse of discretion.  Safety-Kleen Sys., Inc. v. Hennkens, 301 F.3d 931, 935 (8th Cir. 2002).

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech."  U.S. Const. amend I.  The amendment applies to state and local governments through the Fourteenth Amendment.  Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n, 447 U.S. 557, 561 (1980).  Although one may find sexually explicit material tasteless and even immoral, it is constitutionally protected so long as it is not obscene.  United States v. Playboy Entm't Group, Inc., 529 U.S.

803, 811 (2000). "The history of the law of free expression is one of vindication in cases involving speech that many citizens may find shabby, offensive, or even ugly." Id. at 826.

At issue here is a Missouri statute that restricts advertising by "sexually oriented businesses" and "adult cabarets" that offer sexually explicit materials and entertainment for adults. Any business with more than ten percent of its display space dedicated for sexually oriented materials is presumed to be a "a sexually oriented business." Mo. Rev. Stat. § 226.531.1(3). An "adult cabaret" is "a nightclub, bar, restaurant, or similar establishment in which persons appear in a state of nudity, as defined [by the statute], or seminudity, in the performance of their duties[.]" § 226.531.1(2).

The advertisement restriction provides that, "[n]o billboard or other exterior advertising sign for an adult cabaret or sexually oriented business shall be located within one mile of any state highway. . . ." § 226.531.2.[3] Accordingly, if a business fits the definition of a "sexually oriented business" or "adult cabaret," it is prohibited from erecting any "billboard or other exterior advertising sign," regardless of the sign's content. Id. Violation of this statute is a class C misdemeanor, § 226.531.4, punishable by a term of incarceration of up to fifteen days, § 558.011.1(7), and a fine of up to $300, § 560.016.1(3).

## I.

As a threshold issue, we determine the scope of the statute's advertising restriction. In its denial of Steele Retail's motion for permanent and preliminary injunctions, the district court interpreted 226.531 to "prohibit only advertising **for** the sexually oriented aspects of sexually oriented businesses." (Steele Retail J.A. at 295.)

---

[3]The statute includes an exception for affected businesses located within a mile of a state highway, which is discussed below.

We hold that the district court erred in concluding that section 226.531 prohibited only advertising for sexually oriented products or "aspects" of the affected businesses. This interpretation contradicts the plain language of the statute as well as the state's own interpretation.[4]  The regulation makes no reference to the content of the off-premises advertising signs.  Rather, it states that "[n]o billboard or other exterior advertising sign for an adult cabaret or sexually oriented business shall be located within one mile of any state highway." Mo. Rev. Stat. § 226.531.2.  Thus, if a business is classified as an adult cabaret or sexually oriented business, it is prohibited from erecting any billboard or other exterior advertising sign, without regard to the content of the billboard.  Although we adopt, where possible, an interpretation that renders a statute constitutional, the plain language of section 226.531 precludes a constitutional interpretation.  Postscript Enters. v. Whaley, 658 F.2d 1249, 1253 (8th Cir. 1981).

## II.

We next determine whether the statute is constitutional as interpreted.  The Missouri statute regulates outdoor advertising, therefore we apply the four-step commercial speech analysis[5] outlined by the Supreme Court in Central Hudson[6] to

---

[4]At oral argument, the state took the position that the mere inclusion of the affected business's name or address on the advertisement would subject the business owner to criminal prosecution under section 226.531.

[5]The plaintiffs argue that the statute is subject to strict scrutiny because it potentially prohibits political speech.  Because the regulation does not survive scrutiny under the more discretionary Central Hudson commercial speech test, we need consider the application of stricter tests.  See Bd. of Trustees v. Fox, 492 U.S. 469, 485-86 (1989) (stating that further constitutional analysis is unnecessary if statute is found to be invalid in the commercial speech context).

[6]The district court applied a novel hybrid analysis that combined the commercial speech and the time, place, and manner tests.  We reject this approach

-6-

determine whether the statute is constitutionally sound.  <u>Missouri v. Am. Blast Fax, Inc.</u>, 323 F.3d 649, 653 (8th Cir. 2003); <u>see also</u> <u>Central Hudson</u>, 447 U.S. at 561 (defining "commercial speech" as "expression related solely to the economic interests of the speaker and its audience").  Although the Constitution "accords a lesser protection to commercial speech than to other constitutionally guaranteed expression," <u>Central Hudson</u>, 447 U.S. at 563, commercial speech is protected "from unwarranted governmental regulation," <u>id.</u> at 561.  Regulations on commercial speech are subject to intermediate scrutiny under the framework set forth in <u>Central Hudson</u>.  <u>Florida Bar v. Went For It, Inc.</u>, 515 U.S. 618, 623 (1995).

To determine whether the regulation on commercial speech is constitutionally valid we determine whether:  (1) the affected speech concerns lawful activity and is not misleading, therefore protected by the First Amendment; (2) the government's asserted interest in regulating the speech is substantial; (3) the regulation directly advances the asserted interest; and (4) the regulation restricts no more speech than necessary to serve the asserted interest.  <u>Central Hudson</u>, 447 U.S. at 566.  The state "bears the burden of identifying a substantial interest and justifying the challenged restriction."  <u>Greater New Orleans Broad. Assoc., Inc. v. United States</u>, 527 U.S. 173, 183 (1999).

There is no dispute here that the speech in question is commercial speech that contains no misleading statements or concerns unlawful activity, and is therefore constitutionally protected.  <u>See</u> <u>id.</u> at 184.  Therefore, the first <u>Central Hudson</u> step is satisfied.

We next consider whether the state's asserted interest is substantial. The statute includes a list of several interests it seeks to protect with the regulation.  These include:  mitigating "the adverse secondary effects of sexually oriented businesses,

---

because no federal precedent exists to support its application.

[improving] traffic safety, [limiting] harm to minors, and [reducing] prostitution, crime, juvenile delinquency, deterioration in property values, and lethargy in neighborhood improvement projects." Mo. Rev. Stat. § 226.531.5.

Here, the affected businesses dedicate at least ten percent of their interior display space to products "subject [to] intense public debate in many communities." Greater New Orleans Broad., 527 U.S. at 184. Our court has recognized that "regulations aimed at minimizing the secondary effects of sexually oriented businesses serve a significant and substantial governmental interest." Excalibur Group v. City of Minneapolis, 116 F.3d 1216, 1221 (8th Cir. 1997). The state's asserted interest in regulating sexually oriented businesses and products is "substantial" and therefore satisfies the second step of the Central Hudson test. Central Hudson, 447 U.S. at 566.

Next, we turn to the third step of the Central Hudson analysis, which requires the restriction to directly advance the state's asserted interest. Central Hudson, 447 U.S. at 566. This step "concerns the relationship between the harm that underlies the State's interest and the means identified by the State to advance that interest." Lorillard Tobacco Co. v. Reilly, 533 U.S. 525, 555 (2001). To survive scrutiny, the regulation must advance the stated governmental interest "directly and materially." Id. (quoting Greater New Orleans Broad. Assoc., 527 U.S. at 188).

The state argues that its ultimate goal is to reduce the adverse secondary effects of sexually oriented businesses by limiting the presence of sexually oriented businesses. Under that theory, restricting the amount of advertising by the affected businesses would reduce the number of customers that patronize the affected business, thus reducing profits, and ultimately forcing the affected business to close. Although there may be some evidence that the statute directly and materially advances the state's asserted interest, the statute fails under the final Central Hudson step because it is not narrowly tailored to meet its asserted goals.

-8-

In the final step, the "critical inquiry" is whether the regulation's "complete suppression of speech ordinarily protected by the First Amendment is no more extensive than necessary to further [Missouri's] interest in" reducing the secondary effects of adult businesses. Central Hudson, 447 U.S. at 569-70. While the state need not pursue the least restrictive means, it must enact a statute that is "reasonable" and "narrowly tailored to achieve the desired objective." Lorillard Tobacco, 533 U.S. at 556 (additional citations and quotations omitted). The statute cannot "curtail substantially more speech than is necessary to accomplish its purpose." Krantz v. City of Fort Smith, 160 F.3d 1214, 1222 (8th Cir. 1998). The availability of obvious and numerous less-burdensome alternatives to the restriction factors into the consideration of whether the "fit" is reasonable. Went For It, 515 U.S. at 632.

It is clear that section 226.531 regulates the affected business's speech; it threatens criminal prosecution for the mere inclusion of the name or address of an affected business on billboards within one mile of a state highway. The Missouri statute "sacrifices an intolerable amount of truthful speech about lawful conduct." Greater New Orleans Broad. Assoc., 527 U.S. at 194. The prohibition is directed at speech beyond that which would lead to the stated secondary effects, and is not narrowly tailored to achieve Missouri's stated goal. See State v. Café Erotica, Inc., 507 S.E.2d 732, 735 (Ga. 1998) (holding "The absolute proscription against any form of off-site advertising impedes the free flow of information and far exceeds the State's legitimate interest, is an unconstitutional infringement on free speech.").

In our view, the state has "failed to make a showing that a more limited speech regulation would not have adequately served the State's interest." 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 500 (1996) (Op. of Stevens, J. for four members of the Court) (citing Central Hudson, 447 U.S. at 571). Accordingly, we find that Missouri statute section 226.531 fails to satisfy the Central Hudson test for regulations on commercial speech.

Finally, we turn to the provision restricting the content of on-premises signs for affected businesses located within one mile of state highways. The exception provides that:

> [I]f such business is located within one mile of a state highway then the business may display a maximum of two exterior signs on the premises of the business, consisting of one identification sign and one sign solely giving notice that the premises are off limits to minors. The identification sign shall be no more than forty square feet in size and shall include no more than the following information: name, street address, telephone number, and operating hours of the business.

Mo. Rev. Stat. § 226.531.2.

The statute specifically prohibits all expression, other than the name, address, telephone number, operating hours, and language giving notice that minors are not allowed. § 226.531.2. In our view, this provision is not narrowly drawn to meet the state's asserted goals, and thus fails to meet the fourth step of the Central Hudson test.[7] Lorillard Tobacco, 533 U.S. at 556. Should an affected business owner choose to post a sign with the price of gasoline, or a sign advertising a nationally-known soft drink on the exterior of the business, he or she would be subject to criminal

---

[7]The exterior sign restrictions here are unlike those found to be "modest" in Excalibur Group, where this court found the exterior sign zoning restrictions did "not reach substantially more speech than necessary," under the reasonable time, place, and manner analysis. Excalibur Group, 116 F.3d at 1221-22. There, the restrictions regulated the exterior appearance of adult-only businesses. Id. Those restrictions prohibited the obscuring of windows, limited the size of exterior signs, and required exterior signs to be flat. Id. Finally, the regulation there included no restrictions regarding the content of the exterior signs. Id. at 1218-19.

prosecution. Thus, Missouri statute section 226.531, in its entirety, is unconstitutional because it fails to survive scrutiny under the <u>Central Hudson</u> test for regulations on commercial speech.

## CONCLUSION

We reverse the district court's grant of summary judgment and its denial of the appellants' motions for injunctive relief and remand to the district court for proceedings consistent with this opinion.

_____